CARR *vs.* THE PASSAIC LAND IMPROVEMENT AND BUILDING COMPANY.

1. An agreement or memorandum for the sale of land, must designate the lands to be sold, as well as the price, with certainty.

2. A resolution entered upon the minutes of a company, to sell C two acres of ground at a price to be placed on them, at the point which he might select, and a second resolution that two acres of land be sold to C at $800 per acre, does not designate the lands to be sold with sufficient certainty to entitle C to a decree for conveyance.

On motion to dissolve injunction.

*Mr. A. S. Pennington*, for motion.

*Mr. Woodruff*, contra.

THE CHANCELLOR.

The complainant claims that he is entitled to have two acres of land in Passaic, conveyed to him by the defendants,

for $1600. The injunction restrains them from conveying it to any other person. He claims that a valid contract was made by certain resolutions, entered on the minutes of the defendants.

On the 17th of March, 1868, at a meeting of the directors of the defendants, the following entry was made on their minutes : " Moved, that Mr. Carr have the refusal of two acres of ground at a price which may be placed thereon, at the point he may select.

" Yeas and nays being called : Yeas—Crosby, Bayard, Williams, and Osborn. Nays—Crooks.

" Moved, that a committee be appointed to fix the price of land so to be sold. Carried.

" Report of the committee that they could not agree. Report received.

" The committee appointed to confer with Mr. Carr relative to the purchase of land, report that two acres be sold to Mr. Carr for $800 per acre, provided Mr. Carr accept the proposition. Report received and carried.

" Proposition accepted by Mr. Carr.

" EZRA OSBORN, Sec'y."

At the same meeting, immediately after the passage of the above resolutions, it was moved, " that the president be a committee to state the terms upon which such sale may be effected. Yeas—Crosby, Bayard, Williams, and Osborn. Nays—Crooks. Carried ;" as appears by such entry in the minutes.

Sometime after the meeting, but when does not appear, the secretary gave the complainant a copy of the resolutions first above set out, on the back of which copy, sometime before the filing of the bill, he endorsed his acceptance of the proposition, designating the two acres which he had selected, and signed such acceptance, but did not deliver it to the defendants, or give them any notice of it.

Sometime after the resolutions, the president had a conference with the complainant as to the location and terms of sale, and they failed to agree.

2 N *

The defendants did not own the land at the passage of the resolutions; but an imperfect title to a tract of two hundred acres, of which the parcel selected is part, was held by the complainant, and two other persons, for the benefit of the defendants.

The defendants insist, in their answer and argument, that there is no written contract or memorandum of the agreement, signed by any person authorized, and therefore, by the statute of frauds, no action can be sustained on it.

It is well settled that an agreement, or memorandum, for the sale of land, must designate the land to be sold, as well as the price, with certainty.

In this case, the first resolution does not fix the price; it is simply to sell Carr two acres at a price to be placed on them, at the point which he might select. It is very indefinite as to the land, and even as to the fact whether he should be allowed to select anywhere upon the tract of the company; but as to price, it is expressly open for negotiation.

The second resolution is, that two acres of land be sold to Mr. Carr, at $800 per acre. It does not locate the lands, nor refer to the former resolution, nor in any way authorize him to select the lands; nor is there anything in the minutes from which it can be inferred that it was for two acres anywhere that he might select. On the contrary, the natural inference to be drawn from the report and entry would be, that the location of the land had been designated in the conference with the committee.

This is the natural inference to be drawn from the terms of the first resolution. That plainly showed that after he should select his two acres, a price should be placed upon it at a point where he selected it. This one, fixing the price, would thus imply that the location had been fixed, verbally, on conference. As this does not show where the land was, and as it cannot be connected with or made part of the first, so as to be made a contract to convey any land he might select, the memorandum does not satisfy the requisitions of the statute of frauds.

The injunction must be dissolved.